UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SELIPPOS TECHNICAL, LTD, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-01508 |
| | § § | |
| FIRST MOUNTAIN BANCORP, *et al*, | § § | |
| Defendants. | § | |

## ORDER

Pending now before the Court is Plaintiff Selippos Technical, Ltd.'s ("Selippos") Motion for Leave to Serve Defendant George J. Gowen ("Gowen") with Substitute Service of Process under Rule 4(e) of the Federal Rules of Civil Procedure and Texas Rule of Civil Procedure 106(b).[1] After careful consideration, the Court finds that service by the alternate methods of service listed in this Motion would give Gowen actual notice of the pendency of claims against him. The Court, therefore, **GRANTS** the motion.

## BACKGROUND

Selippos is suing First Mountain Bancorp ("FMB") for declaratory judgment, breach of contract, breach of fiduciary duty, money had and received, and constructive trust in connection with an escrow agreement. FMB is a Nevada corporation.[2] The sole principle of First Mountain is Gowen, who serves as FMB's director, treasurer, secretary,

---

[1] The case was transferred to the Court by the consent of the parties pursuant to 28 U.S.C. § 636(c).
[2] Exhibit A to Plaintiff's Motion for Leave to Serve Defendant George J. Gowen with Substitute Service of Process, Dkt. 47.

1

and president.³ No other individuals are listed as officers or directors with the Nevada Secretary of State.⁴ On September, 17, 2012, FMB's retained attorney, Justin Strother, filed the original answer to this lawsuit on behalf of FMB.⁵ On November 16, 2012, Strother filed a motion to withdraw as counsel because FMB had both ceased communication with him and refused to pay for his legal services.⁶ The Court held a hearing on the Motion to Withdraw on December 17, 2012. At that hearing, Gowen appeared by telephone and assured the Court that he would retain new counsel for FMB by January 8, 2013. The Court advised Gowen on the record that if he failed to retain counsel by this date, the Court would grant FMB leave to file a Second Amended Complaint naming Gowen individually as a defendant in the suit.⁷ Gowen did not retain new counsel for FMB by the deadline, and Selippos filed a Second Amended Complaint on January 11, 2013.⁸

Selippos alleges that since the hearing Gowen has evaded all attempts to serve him with process. Between February 2, 2013 and February 9, 2013, Selippos attempted personal service at Gowen's listed residence on five separate occasions.⁹ The record shows that Gowen's residence—12570 Hillside Drive, Truckee, CA, 96161—is current and correct. Gowen received a FedEx delivery from Strother on January 4, 2012 at that

---

³ *Id.*
⁴ *Id.*
⁵ Dkt. # 21.
⁶ Dkt. #34.
⁷ Minute Entry for Status Conference held on January 8, 2013.
⁸ Dkt. #45.
⁹ Affidavit of Due Diligence, Exhibit B to Plaintiff's Motion for Leave to Serve Defendant George J. Gowen with Substitute Service of Process, Dkt. #47.

address.[10] The record also includes e-mail correspondence between Gowen—using the email address gjgowen@firstmountainbancorp.com—to Strother in December of 2012.[11]

Selippos now asks the Court for authorization to serve Gowen with substitute of service of process by the following methods:

1. Certified and regular first class mail to Defendant Gowen's residence: 12570 Hillside Dr., Truckee, CA 96161;

2. Certified and regular first class mail, and fax to Defendant Gowen's business: First Mountain Bancorp, PO Box 34026, Truckee, CA 96160, 435-608-4455 (fax);

3. Certified and regular first class mail to Attorney Strother: Justin Strother, STROTHER LAW FIRM, 4545 Mount Vernon, Houston, Texas 77006; and

4. E-mail to Defendant Gowen: gjgowen@firstmountainbancorp.com.

## Analysis

Gowen is an individual within a judicial district of the United States, and therefore service upon him is governed by Rule 4(e) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 4(e). Pursuant to Rule 4(e), service of process may be effected by: (1) serving a defendant pursuant to the laws of the state in which either he is located or in the state where the district court is located (in this case Texas); (2) personal service upon the defendant; (3) leaving copies of the service documents at the defendant's residence with a person of suitable age and discretion; or (4) delivering the service documents to an agent

---

[10] Exhibit C to Plaintiff's Motion for Leave to Serve Defendant George J. Gowen with Substitute Service of Process, Dkt. 47.
[11] *Id.*

of the defendant authorized to accept service by appointment or by law. *Id.* Because this Court is located in the Southern District of Texas, Texas law is applied.

Rule 106(a) of the Texas Rules of Civil Procedure governs service of process in this case. Service of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested. *Id.* Rule 106(b) states that if either of the two aforementioned methods are unsuccessful, upon receipt of an affidavit satisfying Rule 106(b), a court may authorize substituted service which, shown from the affidavit or other evidence, is reasonably calculated to provide notice. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).[12]

Here, Sellipos has submitted an evidence describing the specific address of Gowen's residence, evidence showing that Gowen has successfully received mail at this address on prior occasions, and an affidavit including the dates and times of attempted service. The Court will therefore order service in a manner that the record shows will be reasonably effective to give Gowen notice of the suit. *See* TEX. R. CIV. P. 106(b)(2).

The Court authorizes Sellipos to serve in the four ways requested: certified and regular mail to his residence, certified mail, regular mail and fax to his business address, certified and regular first class mail to his attorney, and service by e-mail to his current e-mail address. Methods of service similar to the methods proposed by Selippos have been

---

[12] The affidavit must state the location of the defendant's usual place of abode and state specifically the facts showing that service has been attempted under [either method in Rule 106(a)] but has not been successful. Exhibit C to Plaintiff's Motion for Leave to Serve Defendant George J. Gowen with Substitute Service of Process, Dkt. 47.

approved by other courts. *See State Farm Fire & Cas. Co.*, 868 S.W.2d at 299 (Tex. 1993) (upholding trial court's authorized service by first class-mail, postage prepaid); *La Cantera Dev. Co. v. W. Rim Prop. Servs.*, 2010 U.S. Dist. LEXIS 7305, 13-14 (W.D. Tex. Jan. 29, 2010) (granting substitute service by mail on attorney in situation where client could not be located); *Nabulsi v. Nahyan*, 2007 U.S. Dist. LEXIS 75077, CIV.A. H-06-2683 (S.D. Tex. Oct. 9, 2007) (holding that service by fax is appropriate when it is reasonably calculated to apprise defendants of the pendency of the lawsuit); *see Gutierrez v. La Joya Indep. Sch. Dist.*, 2012 U.S. Dist. LEXIS 160138 (S.D. Tex. Nov. 8, 2012)(permitting service by fax).

Additionally, the Court finds that e-mail service will be "reasonably effective to give the defendant notice of the suit." TEXAS RULE OF CIV. PRO. 106(b). Several courts, including those in the Southern District of Texas, have applied provisions of Rule 4 of the Federal Rules of Civil Procedure to authorize e-mail service when the record shows (1) diligent efforts to effect traditional service at a physical address and (2) that the defendant has recently communicated using the e-mail address proposed for service. *See, e.g. Collins v. Doe*, CIV.A. H-10-2882, 2010 WL 4954727 (S.D. Tex. July 31, 2008) (holding e-mail service is complete upon successful completion of the e-mail transaction); *Nabulsi v. Al Nahyan*, Civ. A. No. H–06–2683, 2007 WL 2964817, at *8 (S.D. Tex. Oct. 9, 2007); *Tishman v. The Associated Press*, No. 05 Civ. 4278, 2006 WL 288369, at *1–3 (S.D. N.Y. Feb. 6, 2006) (allowing substituted service by e-mail after the plaintiff had shown that "actual prior attempts to serve a party under each and every method provided in the statute [had] been undertaken"); *MacLean–Fogg Co. v. Ningbo Fastlink Equip.*

*Co.*, No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec.1, 2008) (authorizing e-mail service on a foreign corporation because the plaintiffs were unsuccessful in effectuating traditional service but demonstrated that defendants transacted business online); *Keller Williams Realty, Inc. v. Lapeer*, No. 4:08–CV–1292, 2008 WL 2944601, at *2 (S.D. Tex. July 31, 2008)(authorizing the service of subpoenas via e-mail). On this record, service by e-mail also satisfies the requirements of Texas Rule 106(b) because it is reasonably likely to give Gowen actual notice of this suit. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L. Ed. 865 (1950) (service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

## Conclusion

The record in this case establishes that Selippos has diligently attempted prior service on Gowen. The record also establishes that the physical address, 12570 Hillside Dr., Truckee, CA 96161, and the e-mail address, gjgowen@firstmountainbancorp.com, have been recently used by Gowen to receive correspondence from his attorney in this case. The motion for substituted service is, therefore, **GRANTED**. The plaintiff may serve Gowen with substitute of service of process by the following methods, collectively:

1. Certified and regular first class mail to Defendant Gowen's residence: 12570 Hillside Dr., Truckee, CA 96161;

2. Certified and regular first class mail, and fax to Defendant Gowen's business: First Mountain Bancorp, PO Box 34026, Truckee, CA 96160, 435-608-4455 (fax);

3. Certified and regular first class mail to Attorney Strother: Justin Strother, STROTHER LAW FIRM, 4545 Mount Vernon, Houston, Texas 77006; and

4. E-mail to Defendant Gowen: gjgowen@firstmountainbancorp.com

It is further **ORDERED** that service on Gowen will be complete upon the filing of a notice by Selippos with an accompanying affidavit that properly verifies the transmission of service by all of the above methods.

Signed at Houston, Texas this 20th day of March, 2013.

George C. Hanks, Jr.
United States Magistrate Judge